### GUIDRY vs. GREEN.

APPEAL from the court of the fifth district.

MATTHEWS,* J. delivered the opinion of the court. In this case the plaintiff prayed an injunction, to stay proceedings on a judgment, which he says was illegally obtained against him by the defendant, and which she was about to cause to be unjustly executed. The injunction was granted, and subsequently the cause heard on its merits, wherein the court below gave judgment, from which the plaintiff appealed.

A bill of exceptions was taken to the opinion of the judge *a quo*, by which, in the course of the tri-

The purchaser of a tract of land of 1400 arpents, cannot refuse payment on the ground that the United States have only confirmed the title to 640.

---

*Porter, J. did not join in the opinion, having an interest in the cause.

al, her ejected parol evidence against the return of the sheriff, on the citation in the former suit, wherein Mrs. Green was plaintiff; and, as the whole cause of dispute between the parties, is now before this court, on full evidence, it is deemed unnecessary to decide on this bill of exceptions.

From the facts and arguments of counsel in the case, it appears clear that the whole ground of contention consists, in the legality and justice of compelling the plaintiff to pay the full amount of price for which a certain tract of land was adjudged to him, at the probate sale of the estate of Elisha Green, the husband of the appellee; as containing 1400 arpens, when, as it appears that, the United States have confirmed the claim and title to said land, only to the extent of 640 acres.

There is an apparent contradiction between cases, heretofore decided in this court, on account of the troubles, or deficiency in title, which authorise purchasers to withhold payment of the price of real property. In the first of those decisions an opinion was entertained that, real danger of disturbance by eviction, in consequence of a better title being in some other person than the seller, and shewn to the

West'n District
Aug. 1823.

GUIDRY
vs.
GREEN.

court, or presenting an unsettled mortgage on the property sold, were sufficient to authorise a purchaser to withhold payment until security should be given against those dangers. The doctrine to be drawn from these decisions has been somewhat impaired or altered by an opinion, expressed in the case of *Fulton's heirs* vs. *Griswold*. Vide 3 *Martin*, 236–246, 5 *Martin*, 625, & 7 *Martin*, 223.

Whether these decisions be or be not absolutely contradictory and irreconcilable, and consequently, which ought to prevail as being best supported by law and equity, nothing requires us to determine. The appellant does not shew title to the tract of land, which he purchased as above stated, in any other person than those for whom it was sold. The claim is for 1400 arpens, and the confirmation of title to 640 acres, is no proof of the want or defect of title to the balance. There is no *questio mota*, no suit brought for any part of the premises purchased; no evidence of the existence of any title which conflicts with that of Green's succession, or any species of incumbrance on the land.

It is therefore ordered, adjudged and de-

West'n District creed, that the judgment of the district court be
Aug. 1823.       affirmed with costs.

GUIDRY
vs.
GREEN.           *Simon* for the plaintiff, *Brownson* for the
             defendant.